IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**GLENN COOK**                                                                 **PLAINTIFF**

V.                                                      CIVIL NO.: 2:13CV305-HSO-RHW

**ONEBEACON AMERICA INSURANCE COMPANY**           **DEFENDANT**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION TO JOIN ADDITIONAL
PARTIES AND REMANDING CASE TO THE CIRCUIT COURT OF CLARKE
COUNTY, MISSISSIPPI**

BEFORE THE COURT is a Motion to Join Additional Parties if the Court Deems Necessary [34] filed by Plaintiff Glenn Cook. Defendant OneBeacon America Insurance Company has filed a Response [60] in Opposition. Having considered the Motion, the Response, the record, and relevant legal authorities, the Court finds that Plaintiff's Motion to Join Additional Parties [34] should be granted as to Doris Brown but denied as to Christopher Brown, and that this case should be remanded to the Circuit Court of Clarke County, Mississippi.

I. BACKGROUND

A.   Factual Background

This case involves the question of whether Plaintiff Glenn Cook ("Plaintiff") qualifies as an insured and beneficiary of an uninsured motorists coverage endorsement contained within an insurance policy issued by Defendant OneBeacon America Insurance Company ("Defendant") to the Clarke County, Mississippi,

1

Board of Supervisors. Plaintiff works as a deputy sheriff for the Clarke County Sheriff's Department. Pl.'s Am. Compl. [15] at p. 2. On November 17, 2012, while working in his official capacity, Plaintiff was involved in a vehicular collision on Mississippi Highway 513 with another driver, Doris Brown. Accident Report [34-2] at pp. 1-6. At the time of the accident, Doris Brown was driving a 1990 Geo Prizum owned by Christopher Brown. According the responding officer's accident report, Doris Brown was unable to provide proof of insurance for either herself or the vehicle she was driving. *Id.* at p. 7.   Plaintiff sustained severe injuries to his hip, pelvis, right leg, and right ankle as a result of the collision. Pl.'s Am. Compl. [15] at p. 2.

The Clarke County Board of Supervisors had contracted with Defendant to provide insurance coverage for the County, which included an "Uninsured Motorists Coverage Bodily Injury and Property Damage" endorsement. Insurance Endorsement [34-1]. The endorsement provided that Defendant "will pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle'." *Id.* at p. 3.

B.   Procedural History

Plaintiff filed his Complaint against Defendant in the Circuit Court of Clarke County, Mississippi, on September 27, 2013. The Complaint seeks a declaratory judgment that Plaintiff is both an insured and beneficiary of the uninsured motorists coverage endorsement contained in the Clarke County Board of Supervisors' insurance policy, as well as damages for negligence. Plaintiff states

that he did not file suit against the driver of the other vehicle, Doris Brown, based on the good-faith belief that she had no insurance coverage for the collision. Pl.'s Mot. for Joinder [34] at p. 2.

On October 23, 2013, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441(a) based on diversity of citizenship.[1]  Notice of Removal [1]. On February 27, 2014, Plaintiff filed an Amended Complaint. Defendant filed its Answer, raising various defenses, including that the driver, Doris Brown, or the car she was driving was insured at the time of the accident. Answer to Am. Compl. [18].

On May 28, 2014, the parties deposed Doris Brown. During her deposition, Doris Brown apparently testified that she was an insured driver on November 17, 2012, and never informed her insurance company of the collision. Def.'s Resp. to Pl.'s Req. for Admis. [34-7] at pp. 1-2.[2]  However, Doris Brown's insurance company, State Farm, sent a letter on November 4, 2013, denying coverage for a collision that occurred on Highway 513 on November 15, 2012. State Farm Letter [34-3]. On August 5, 2014, State Farm admitted in a letter to Plaintiff's attorney that it had made a clerical mistake in its previous letter denying coverage, and the actual date of loss was November 17, 2012. State Farm Letter [34-4].

On August 14, 2014, Plaintiff filed the current Motion to Join Additional

---

[1] Plaintiff Glenn Cook is a citizen of Clarke County, Mississippi. Defendant OneBeacon America Insurance Company is an out-of-state corporation domiciled in Massachusetts, with its principal place of business in Minnesota.

[2] Neither party has submitted a copy of Doris Brown's deposition.

Parties if the Court Deems Necessary. In the Motion, Plaintiff requests that "if the Court deems necessary, he be allowed to add additional Defendants Doris Brown and/or Christopher Brown to the pleadings as Defendants." Pl.'s Mot. for Joinder [34] at p. 6. Plaintiff states that although he still believes that neither Doris Brown nor the car she was driving had insurance coverage for the collision, Defendant's pleadings and discovery responses have made apparent that Defendant's position is that Doris Brown or the car she was driving were in fact insured. Therefore, Plaintiff filed the Motion to Join Additional Parties out of "an abundance of caution." Pl.'s Mot. for Joinder [34] at p. 6. Defendant does not dispute that it has taken the position that Doris Brown or the car she was driving had insurance coverage for the collision. Instead, Defendant argues that the addition of Doris Brown or Christopher Brown would be prejudicial to Defendant and Plaintiff's Motion should be denied.

## II. DISCUSSION

A.  Subject Matter Jurisdiction

The Court currently has subject matter jurisdiction over this action because the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332. Where a non-diverse defendant is joined to an action, diversity of citizenship is destroyed and a federal court is divested of subject matter jurisdiction. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Because it is undisputed that Doris Brown and

Christopher Brown are citizens of Mississippi,[3] their addition as parties to this action would destroy subject matter jurisdiction and require remand to state court.

B.    Post-Removal Joinder of Non-Diverse Defendants

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e). When deciding whether to permit the joinder of a non-diverse, dispensable party, the Court should use its discretion to determine whether to allow that party to be added. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). The proposed amendment should be scrutinized more closely than an ordinary amendment would be under Federal Rules of Civil Procedure 15 and 20. *Id.* The district court should "consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Id.* These factors include "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013).

---

[3] Plaintiff maintains that both Doris Brown and Christopher Brown are citizens of Mississippi. Defendant has not disputed this point.

5

C.  Analysis

After balancing the relevant factors involved, the Court finds that it should allow the joinder of Doris Brown to this action. First, the purpose of Plaintiff's requested amendment is not to defeat federal jurisdiction. Plaintiff acknowledged in his Motion that he "is fully aware that joining these in-state Defendants will destroy diversity and it is not Plaintiff's intention to do so under the true spirit of the rules." Pl.'s Mot. for Joinder [34] at p. 6. It is noteworthy in this regard that Plaintiff did not attempt to defeat removal from state court at the outset of this litigation by naming Doris Brown or Christopher Brown as Defendants. Second, Plaintiff has not been dilatory in seeking the amendment. Plaintiff requested the amendment after discovery had been conducted and it became apparent that Defendant was disputing Doris Brown's status as an uninsured motorist.

Finally, the Court finds that Plaintiff could be significantly injured by a failure to join Doris Brown. Because Defendant asserts that Doris Brown and/or the car owned by Christopher Brown were insured, Defendant has injected the issue of Doris Brown's status as an "uninsured motorist" into this case. If Defendant is successful on the merits of its defense, Plaintiff's recourse would be to institute suit against the alleged tortfeasor, Doris Brown, in state court. While Plaintiff could institute a separate lawsuit against Doris Brown or Christopher Brown in state court to avoid a potential recovery problem, the Court finds that in the interest of fairness and avoiding piecemeal litigation, the Court should allow amendment of Plaintiff's Complaint to join Doris Brown as a defendant.

The Court's conclusion is consistent with Mississippi law. In uninsured motorist cases, the alleged uninsured tortfeasor and an uninsured motorist insurer may be joined in an action as co-defendants. *See Heflin v. Merrill*, No. 2012-CA-00663-COA, 2013 WL 5614290, at *1 (Miss. Ct. App. Oct. 15, 2013); *Leitch v. Mississsippi Ins. Guar. Ass'n*, 27 So.3d 405, 406 (Miss. Ct. App. 2009). Mississippi Rule of Civil Procedure 20 provides that

> [a]ll persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action.

Miss. R. Civ. P. 20(a).

Here, the right to relief Plaintiff would be asserting against Defendant and Doris Brown arises out of the collision on November 17, 2012. In addition, there is a question of law common to all defendants, namely whether Plaintiff is "legally entitled" to recover against the alleged tortfeasor, Doris Brown. Finally, as the party invoking the Court's jurisdiction it is Defendant's burden to demonstrate jurisdiction exists. Having initially carried this burden, Defendant has now injected ambiguity into the record as to the insured status of the alleged tortfeasor. For these reasons, the Court finds that the joinder of Doris Brown to this action is appropriate.

Plaintiff has not presented the Court with sufficient information to determine whether Christopher Brown should be joined as a defendant in this action. It is unclear what claims, if any, Plaintiff would assert against Christopher Brown, and

what relation such claims would have to this case. The Court will therefore deny the joinder of Christopher Brown as a Defendant to this action without prejudice.

III. CONCLUSION

Because the Court finds that it should permit Plaintiff to join Doris Brown, a non-diverse party, to this action, the Court must remand this case to the Circuit Court of Clarke County, Mississippi.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff's Motion [34] to Join Additional Parties if the Court Deems Necessary is **GRANTED IN PART** as to Doris Brown and **DENIED WITHOUT PREJUDICE IN PART** as to Christopher Brown.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that Doris Brown be **JOINED** in this action as a defendant, and the Clerk of Court is directed to add Doris Brown as a party Defendant.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that the above-titled civil action is **REMANDED** to the Circuit Court of Clarke County, Mississippi, and that a certified copy of this Order of Remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. §1447(c).

**SO ORDERED** this the 14th day of November, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE